UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN DELONTE GRANT, :
       Petitioner : CIVIL ACTION NO. 1:10-2566

v. : (KOSIK, D.J.)
   (MANNION, M.J.)

BRIAN A. BLEDSOE, :
Warden,
       :
       Respondent

## REPORT AND RECOMMENDATION[1]

On December 17, 2010, the petitioner, an inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The petitioner alleges that his Due Process rights under the United States Constitution were violated during a prison disciplinary action on March 23, 2009, while he was incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucky ("USP-McCreary"). (*Id.*) In his petition, petitioner admits that he has not exhausted his administrative remedies, but claims he did not do so because the Disciplinary Hearing Officer's ("DHO") report was never delivered to him. (*Id.* at 2).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

A response to the petition, along with supporting exhibits, were filed by respondent on April 29, 2011. (Doc. No. 11). No traverse was filed by petitioner.[2] Thus, the matter is ripe for disposition.

## I. DISCUSSION

According to precedent established by the Court of Appeals for the Third Circuit, claims raised pursuant to §2241 are subject to an exhaustion requirement. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 759 (3d Cir. 1996) (*holding* "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); Arias v. United States Parole Com., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under §2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

---

[2] Petitioner's projected release date was September 15, 2011. (Doc. No. 11-2 at 3).

2

administrative autonomy." *Moscato*, 98 F.3d at 761-62.

In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.10 et seq., otherwise, the habeas petition should be dismissed. *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier*, 819 F.2d at 53; *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

In order to exhaust administrative remedies of a DHO claim, first[3], the inmate must submit a formal, written Administrative Remedy Request to the Regional Director within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the Regional Director's response is due within 30 days. 28 C.F.R. 542.18. Second, if the inmate believes that the BOP Regional Director's response is unsatisfactory, the inmate is entitled to appeal the decision to the General Counsel at the BOP Central Office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.* If accepted, the General Counsel's response is due within 40 calendar

---

[3] DHO appeals are an exception to the initial informal resolution process required by 28 C.F.R. 542.13. *See* 28 C.F.R. 542.14(d)(2).

3

days. 28 C.F.R. 542.18. "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

It is clear from the exhibits provided by the respondent that petitioner was provided with a copy of the DHO report. (Doc. No. 11-2 at 11-31). It is also clear from the exhibits that petitioner did not exhaust his administrative remedies. *(Id.* at 33-34). Because petitioner was provided with the report, and has not shown any circumstance in which exhaustion is not required (exhaustion is not required, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. See *Gambino, supra*.), it is recommended that the petition be dismissed for failure to exhaust his administrative remedies.

II.  **RECOMMENDATION**

(1)  On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: March 23, 2012

O:\shared\REPORTS\2010 Reports\10-2566-01.wpd